Charles M. Hughes, J.
This is an application for a hearing on a writ of error coram nobis by the defendant petitioner.
*48 In the petition, on the second page thereof, which was prepared by the petitioner, he states the following: “ That this application is broug upon the grounds that Section 337 of The Code of Criminal Procedure, Applicable to this case, has been violated reaching to a denial of due process of law, and the 5th and 6th and 14th Amendments under The Constitution of The United States”. Again, on the third page, he states the following: “ Petitioner sincerely sets forth, upon the
records and past actions taken by him, he has always stood by his contentions, that he was denied his rights, upon arrest, to contact his family or counsel, and that his confession was corced from him upon such actions, of the Police authorities, and he further sets forth, that upon the above ruling of law, from our countrys highest Court, he is by law entitled to a fair hearing as ruled in Jackson v. Denno supra ‘ Opinion it held ’ ‘ A defendant objecting to the admission of a confession is entitled to a fair hearing, in which both the underlying factual issues and the voluntariness of his confession, are actually and reliably determined.’ as held in Jackson v. Denno, it cited Wilson v. U. S. 162, 613, 623.”
Several hearings have been had on this application and the attorney for the defendant petitioner has diligently represented his client, as has Howard A. Levine, Assistant District Attorney, for the People. At the very outset of the application, the court assigned Mr. Bueci to represent him. The facts are, briefly, that the defendant was indicted for murder in the first degree by the September 1956 Grand Jury, and was arraigned before the Supreme Court on the indictment on September 28 of that year. Upon the arraignment, he was represented by Davis M. Etkin, Esq., and he pleaded not guilty. On February 15, 1957, the defendant appeared, and in addition to Mr. Etkin, attorney Arnold M. Gordon also appeared in his behalf. The defendant thereupon offered to withdraw his plea of not guilty and offered to plead guilty to murder in the second degree.
The following colloquy appears in the minutes of February 15, 1957:
The Court: Well, Lawrence Edward Cermak, I take it that you have conferred with your attorneys and you know the nature of this proceeding.
Defendant Cermak: Yes, sir.
The Court: And you understand the request that your counsel is now making for you?
Defendant Cermak: Yes, sir.
* *
The Court: Well, I am asking you once again, Lawrence Edward Cermak. you fully understand the proceeding here?
Defendant Cermak: Yes, sir.
*49 The Court: It is your desire that the Court accept a plea to murder in the second degree rather than the charge contained in the original indictment, namely, murder in the first degree ?
Defendant Cermak: Yes, sir.
* -i it
The Court: Has any promise been made to you on this plea by the District Attorney, your lawyer, the Clerk of the Court or anyone connected with this part of the Court?
Defendant Cermak: No, sir.
The Court: Are you pleading guilty of your own free will?
Defendant Cermak: Yes, sir.
The Court: Do you know that your plea of guilty is a confession of your
guilt as to the crime you have plead guilty to?
Defendant Cermak: Yes, sir.
On March 1, 1957, the defendant was sentenced to the Reception Center at Elmira, New York, for an indeterminate term of 20 years to life.
The petitioner-defendant, through his attorney, has filed a memorandum of law and raises the point that his client was entitled to the right of counsel at the interrogation stage of the crime. On this point, he relies quite extensively upon the case of Escobedo v. Illinois (378 U. S. 478), which case was decided in 1964.
He also relies upon the case of Gideon v. Wainwright (372 U. S. 335, 342).
The People have relied on the New York Court of Appeals case, People v. Griffin (16 N Y 2d 508, 509 [1965]). In a short memorandum, the Court of Appeals stated the following: “We hold that nothing in Jackson v. Denno (378 U. S. 368) or People v. Huntley (15 N Y 2d 72) requires this court to overrule our decision in People v. Nicholson (11 N Y 2d 1067) whose holding and reasoning we now approve. (See People v. Rogers, 15 N Y 2d 690.) The defendant, therefore, is not now entitled to a hearing before the trial court on the issue of the voluntariness of his confession. Nor has any argument been advanced to justify or warrant any change or modification of our conclusion, in People v. Howard (12 N Y 2d 65, 68-69), that retroactive effect is not to be accorded to decisions of this court respecting right to counsel. (See, also, People v. Rogers, 15 N Y 2d 690, supra.) ”
In the Nicholson case, referred to above, which is People v. Nicholson (11 N Y 2d 1067) a Per Curiam decision by the Court of Appeals well states the rule as follows: “A defendant who has knowingly and voluntarily pleaded guilty may not thereafter attack the judgment of conviction entered thereon by coram nobis or other post-conviction remedy on the ground *50 that he had been coerced into making a confession and that the existence of such coerced confession induced him to enter the plea of guilty. If a defendant desires to contest the voluntariness of his confession, he must do so by pleading not guilty and then raising the point upon the trial; he may not plead guilty and then, years later, at a time when the prosecution is perhaps unable to prove its case, assert this alleged constitutional violation. The issue as to whether the confession was illegally obtained is waived by the guilty plea. People v. Berger (9 NY 2d 692) clearly differs from this case in its fact pattern.” (See, also, People v. Howard, 12 N Y 2d 65; People v. Rogers, 15 N Y 2d 690.)
It would therefore seem on an application of this nature that our Court of Appeals has drawn a marked distinction as between a conviction after trial and a plea of guilty. As was pointed out by the Court of Appeals, the only manner in which to challenge a confession is by the defendant not pleading guilty and raising the question by means of a Huntley hearing previous to the trial and then submitting it to a jury.
In the instant case, the defendant was ably represented by counsel. The court informed the defendant-petitioner of the nature of the proceeding and was .satisfied that it was well understood by him as indicated by the colloquy referred to above. Hence, the defendant-petitioner’s application for a hearing is denied.